IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WAYNE BAKER,

    Plaintiff,

v. : CIVIL ACTION NO.: CV513-033

GILLERMO DELGADO and
CHAD COLE,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion for Summary Judgment, to which Plaintiff filed a Response.[1] For the reasons which follow, Defendants' Motion should be **GRANTED** in part, **DENIED** in part, and **DISMISSED** as moot in part.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Delgado hit him on the left side of his head when Plaintiff bent down to pick up a disciplinary report Defendant Delgado threw at him. Plaintiff asserts that he had swelling on his face and above his left ear. Plaintiff also asserts that another officer pulled Defendant Delgado away from him. Plaintiff

---

[1] The use of "Defendants" refers to Defendants Delgado and Cole. Barry Goodrich and former Assistant Warden Miles were dismissed as named Defendants by Order dated December 30, 2013. (Doc. No. 30). The portion of Defendants' Motion seeking the dismissal of Goodrich and Miles should be **dismissed** as moot.

alleges that Defendant Cole later handcuffed him and took him to an area where Defendant Delgado was, and Defendant Delgado attacked him again.

Defendants assert that Plaintiff's deliberate indifference claims fail on the merits. Defendants also assert that Plaintiff's excessive force claims are barred because Plaintiff did not suffer a physical injury. Defendants further assert that Defendant Cole cannot be held vicariously liable.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the

2

moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORTY

### I. Excessive Force

Defendants aver that Plaintiff responded in an insubordinate matter when Defendant Delgado tried to serve a disciplinary report on him, and Defendant Delgado used hands-on force to secure Plaintiff. Defendants assert that the only injury Plaintiff suffered was a little swelling above his left ear after the confrontation with Defendant Delgado, during which time Plaintiff stated that Defendant Delgado "hit [him] upside the head." (Doc. No. 23, p. 8). Defendants also assert that the medical examination which was conducted immediately after the event showed that Plaintiff had no scratches, bleeding, bruises, cuts, fractures, or complaints of pain. Defendants contend that Defendant Cole did not observe any injury on Plaintiff when he escorted Plaintiff to medical for his routine medical examination. Rather, Defendants contend that Defendant Delgado received injuries, which required him to go to the hospital and get sutures.

AO 72A
(Rev. 8/82)

Plaintiff contends that Defendant Delgado hit him "up side the head causing a swelling on the left side of" his head above his ear. (Doc. No. 38, p. 2). Plaintiff alleges that Defendant Delgado was the aggressor in this incident and was not injured.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that prison officials are entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison officials' conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cnty. Bd. of Cnty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendant acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

4

There are genuine disputes as to facts material to Plaintiff's excessive force claims. First, it would be for a jury to decide whether Defendant Delgado was justified in using any force whatsoever against Plaintiff. Defendants state Defendant Delgado had to use force to secure Plaintiff, and Plaintiff asserts that Defendant Delgado was the aggressor in this incident. In addition, if Defendant Delgado's use of force against Plaintiff was necessary, a jury should decide whether the level of force Defendant Delgado used was appropriate. Further, a jury should decide whether Plaintiff's declaration that he had swelling above his left ear, headaches, and neck trauma constitute more than a de minimis injury. In short, Defendant Delgado is not entitled to summary judgment on Plaintiff's excessive force claim.

## II. Whether Plaintiff's claims are barred for lack of injury

Defendants assert that Plaintiff's conclusory statements that he is likely to win significant monetary damages because Defendants should be held liable for his pain and suffering are an insufficient showing of injury. Defendants contend that Plaintiff suffered no physical injury and cannot sustain a cause of action as a result.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000)). "Tracking the language of [this] statute, § 1997e(e) applies

AO 72A
(Rev. 8/82)

only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532.

To the extent Plaintiff asserts that he suffered an emotional or mental injury, such claims are not barred at this point. As noted above, Plaintiff did allege that he suffered a physical injury. It will be for a jury to determine whether Plaintiff suffered more than a de minimis physical injury as a result of the alleged excessive use of force by Defendant Delgado. This portion of Defendants' Motion should be **denied**.

III. **Deliberate Indifference**

Defendants assert that Defendant Cole did not arrive on the scene of the hands-on force incident until after the event. Defendants also assert that Defendant Cole's only involvement was handcuffing Plaintiff and escorting him to medical. Defendants further assert that Defendant Cole had no knowledge of staff abuse of inmates as Plaintiff alleged.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

6

also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

Plaintiff states in his affidavit that: "[Defendant] Cole removed me from the pod with handcuffs on[.] When I got into deepspace[,] Officer Delgado tried to attack me again[.] Sergeant Cole restrained Delgado from jumping on me again[.] Then they took me to medical[.]" (Doc. No. 38, p. 8). By Plaintiff's own admissions, there is nothing

7

before the Court which indicates that Defendant Cole had any knowledge that Plaintiff's safety was at risk and acted with deliberate indifference to that risk. In fact, Plaintiff's admissions reveal that, to the extent Defendant Delgado attempted to attack him a second time, Defendant Cole acted reasonably in response by restraining Defendant Delgado. Plaintiff fails to create a genuine dispute as to any fact material to his deliberate indifference claim against Defendant Cole, and Defendant Cole should be entitled to summary judgment in his favor.

It is unnecessary to address the remaining portion of Defendants' Motion, as Plaintiff's Complaint was not served on the basis of vicariously liability.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** in part, **DENIED** in part, and **DISMISSED** as moot in part. It is also my **RECOMMENDATION** that Defendant Cole be **DISMISSED** as a named Defendant.

**SO REPORTED** and **RECOMMENDED**, this 11th day of April, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)